**Opinion issued December 1, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00346-CV

———————————

**ARACELI ZAPATA D/B/A EL SUPER, VELJACO CORP., INC., D/B/A EL SUPER MEAT MARKET & TAQUERIA, AND CARMEN GLORIA VELJANOVICH, Appellants**

**V.**

**CLEAR CREEK INDEPENDENT SCHOOL DISTRICT, THE CITY OF WEBSTER, AND HARRIS COUNTY, Appellees**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-04925**

---

## MEMORANDUM OPINION

Appellants, Araceli Zapata d/b/a El Super, Veljaco Corp., Inc., d/b/a El Super Meat Market & Taqueria, and Carmen Gloria Veljanovich, appealed from the trial court's final judgment, signed on March 2, 2015, in this tax delinquency

case. *See* TEX. R. APP. P. 26.1(a)(1). On June 23, 2015, this Court granted the appellants' motion for extension of time to file their notice of appeal, filed on April 16, 2015, because it was filed within the fifteen-day extension period and appellants provided a reasonable explanation. *See* TEX. R. APP. P. 10.5(b), 26.3.

On November 3, 2015, the parties filed a joint motion to dismiss for mootness. *See* TEX. R. APP. P. 42.1(a)(1). The parties request that we dismiss the appeal because the trial court recently granted appellee Clear Creek Independent School District's petition to vacate the judgment, filed under Tax Code Section 33.56, and signed an order on October 30, 2015, vacating the final judgment. *See* TEX. TAX CODE ANN. § 33.56(a)(2) (West Supp. 2014). Thus, the parties contend that this appeal has been rendered moot because there is no longer an issue in controversy. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154 (Tex. 2012).

Generally, this Court has civil appellate jurisdiction over final judgments or interlocutory orders specifically authorized as appealable by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(12) (West Supp. 2014); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). After the trial court vacated the final judgment, there is no appealable final judgment or interlocutory order, and no exception applies here. *See Cooper v. Hamilton Cnty.*, No. 10-03-283-CV, 2003 WL 23122323, at *1 (Tex. App.—Waco Dec. 31, 2003, no pet.) (mem. op.) (granting parties' motion to dismiss appeal for want of jurisdiction after

trial court granted taxing entities' motion to vacate judgment under section 33.56(a)(1) of Tax Code). Also, the motion to dismiss is signed by counsel for the appellants and appellees, Clear Creek Independent School District, The City of Webster, and Harris County. *See* TEX. R. APP. P. 10.1(a)(5), 10.3(a)(2). No other party has filed a notice of appeal and no opinion has issued. *See id.* 42.1(a)(1), (c).

Accordingly, we **grant** the motion and **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.1(a)(1), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Huddle, and Lloyd.